IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO AVINA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRISPY KREME DOUGHNUT CORPORATION; GOLDEN GATE DOUGHNUTS, LLC; and DOES 1 to 50, inclusive,<br><br>Defendants. | No. C 06-02207 WHA<br><br>**ORDER GRANTING MOTION TO REMAND** |

**INTRODUCTION**

In this putative class action, plaintiff Arturo Avina moves to remand to state court. This order finds that defendants Krispy Kreme Doughnut Corporation and Golden Gate Doughnuts, LLC have not shown that the amount in controversy exceeds $75,000 as required for jurisdiction under 28 U.S.C. 1332. Plaintiff's motion, therefore, is **GRANTED**.

**STATEMENT**

Between June 2001 and November 2005, Avina worked as an assistant general manager at a doughnut shop owned by Krispy Kreme in Stockton, California.[1] The Stockton shop is one of approximately ten Krispy Kreme shops in California. Plaintiff received a salary from Krispy Kreme.

---

[1] Krispy Kreme allegedly owns all shares in Golden Gate, but it is not clear what Golden Gate's relation to the Stockton store is.

Avina's complaint was framed as a class action, but the complaint only offered details as to Avina's employment. Avina received a salary from Krispy Kreme. He was supposed to work forty-five hours per week, but he purportedly often worked more hours, frequently working six or seven days per week. He further alleged that given shortages in staffing, he was not able to take rest breaks or meal breaks. Plaintiff alleged that he was forced to perform many non-managerial duties despite his title of assistant general manager. Krispy Kreme purportedly did not pay Avina for overtime wages, though, because they classified Avina as a manager, thereby exempting him from several California regulations.

On February 17, 2006, Avina filed a putative class-action complaint in the Superior Court of California for the County of Alameda in which Avina was the only named plaintiff. Plaintiff made six claims against defendants under the California Labor Code and the California Business and Professions Code: (1) failure to pay overtime compensation; (2) failure to provide an itemized wage statement; (3) failure to provide adequate meal periods; (4) failure to provide adequate rest periods; (5) unfair business practices; and (6) failure to pay wages upon termination. On March 27, defendants filed a notice of removal of this action on grounds of diversity of citizenship.

Plaintiff now seeks remand, alleging that defendants failed to meet their burden to demonstrate satisfaction of all jurisdictional requisites. It is uncontested that plaintiff and defendants are citizens of different states. Plaintiff does dispute, however, whether the amount in controversy exceeds $75,000 as required by 28 U.S.C. 1332. The notice of removal merely alleged that "[m]ore than $75,000, exclusive of interest and costs, is in controversy in this action" (Notice of Removal 2). In opposition to this motion, defendants have submitted the declaration of Marla Baker, a human-resources representative for Krispy Kreme, to detail the potential damages in this action. Plaintiff counters Baker's calculations, and questions the admissibility and sufficiency of her declaration. Defendants in turn seek leave to file a supplemental declaration of Baker. Plaintiff seeks sanctions.

2

## ANALYSIS

Removal under 28 U.S.C. 1441(b) is permitted for actions over which the district court could have exercised original jurisdiction pursuant to 28 U.S.C. 1332 "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The removing party bears the burden of establishing that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1990). The removal statutes are strictly construed such that any doubts are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### 1. AMOUNT IN CONTROVERSY.

For a federal court to have diversity jurisdiction, Section 1332 requires that the amount in controversy exceed $75,000 exclusive of interest and costs. A court examines "only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement in diversity class actions." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001). Where it is "not facially evident from the complaint that more than $75,000 [is] in controversy," defendants must "prove[] by a preponderance of the evidence, that the amount in controversy [meets] the jurisdictional threshold." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citation omitted). It is insufficient to make a bald assertion in the notice of removal that the amount in controversy exceeds $75,000. "To discharge its burden, [defendants] need[] to 'provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount.'" *Ibid.* (internal citation omitted). The Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition *as well as* any 'summary-judgement-type [sic] evidence relevant to the amount in controversy at the time of removal.'" *Ibid.* (emphasis added) (internal citation omitted).

As stated, defendants present Baker's declaration to demonstrate that the amount-in-controversy requirement is met. According to Baker, if plaintiff succeeds on his overtime claim, he will be entitled to at least $51,745.20 (Baker Decl. ¶ 4). Baker estimates that plaintiff's rest and meal claims are worth at least $17,249.70 (*id.* at ¶ 5). Baker estimates that plaintiff may recover $3,538.40 in statutory damages for unpaid overtime (*id.* at ¶ 6). Finally,

3

1 Baker contends that plaintiff may recover up to $4,000 in statutory damages for defendants'
2 alleged failure to provide accurate itemized wage statements (*id*. at ¶7). These figures yield
3 potential damages of $76,533.30.

4 As an initial matter, Baker's declaration is "summary-judgment-type evidence" that may
5 be considered for purposes of determining whether the amount in controversy exceeds $75,000.
6 Plaintiff protests that Baker's declaration lacks foundation. This argument is not persuasive.
7 Baker is a director in Krispy Kreme's human-resources department with access to information
8 about plaintiff's salary and employment history. Baker has foundation to testify as to the
9 purported underpayment of Avina.

10 Plaintiff, however, has successfully shown that certain assumptions in Baker's
11 computation of damages are flawed. Put differently, defendants have not met their burden to
12 show that it is "more likely than not" that the amount in controversy exceeds $75,000 as
13 required by Ninth Circuit authority.

14 *First*, Baker bases her calculation of unpaid overtime on a period of an entire three years
15 of employment with Krispy Kreme, or 156 weeks. Because of the statute of limitations of three
16 years for violations of the California Labor Code, however, plaintiff is only able recover for
17 142 weeks. Cal. Civ. Proc. Code § 338. This figure is further reduced by the four weeks of
18 paid vacation that Avina took during his employment for which he was not entitled to overtime
19 pay. Accepting the salary figure and number of overtime hours estimated by Baker, this alone
20 would reduce potential recovery for the claim of unpaid overtime to $45,701.46 from
21 $51,745.20.

22 *Second*, Baker indicates that Avina's pay is $22.115 per hour, but this apparently was
23 only the *final* hourly wage earned by Avina. Avina received several promotions and
24 accompanying raises during his tenure with Krispy Kreme (Avina Decl. ¶¶ 4–5). Based on
25 Avina's starting salary, he would have only been earning $17.30 per hour at some point during
26 his employment. Thus even the estimate of $45,701.46 is overstated.

4

1  *Third*, as with the overtime, Baker improperly calculates plaintiff as being entitled to
2  156 weeks of pay for meals and rest breaks rather than 138. This yields an overestimation of
3  damages by $1,990.35.[2]

4  Without these three mistaken assumptions, Baker's estimate would be reduced to at
5  most $68,499.21. That is not sufficient to satisfy Section 1332.

6  Plaintiff concedes that if he later asserts damages over $75,000 then remand at that time
7  would be proper. But those are not the facts before us now.

### 2. SUPPLEMENTAL DECLARATION OF MARLA BAKER.

9  Defendants seek leave to file a "supplemental" declaration of Baker to support their
10 opposition to plaintiff's motion. This order finds this request unjustified. Baker already
11 provided a declaration. The fact that plaintiff persuasively pointed out the defects in Baker's
12 analysis is not a basis for Baker to revise the analysis with new facts and theories. Indeed,
13 defendants have already had *two* chances to provide sufficient evidence of the amount in
14 dispute in this action to justify jurisdiction. Defendants failed to provide any substantiating
15 evidence with their notice of removal. And again, Baker's first declaration was inadequate.
16 Defendants do not deserve yet a third bite at the apple. It is unfair to deprive plaintiff the right
17 to reply to the contents of the supplemental declaration by seeking to file this supplemental
18 declaration at the last moment.

### 3. SANCTIONS.

20 Plaintiff is not entitled to sanctions. "An order remanding the case may require payment
21 of just costs and any actual expenses, including attorney fees, incurred as a result of the
22 removal." 28 U.S.C. 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be
23 awarded when the removing party has an objectively reasonable basis for removal." *Patel v.*

---

[2] Plaintiff also notes that there are three cases pending before the California Supreme Court that will decide the issue whether a plaintiff is limited to one year of reimbursement for meal and rest breaks under the California Labor Code. Such a rule would mean that Baker's declaration added two years too many for purposes of break pay. Since the other calculation errors already bring the potential damages below $75,000, this order accepts Baker's assumption that break pay is available for the longer period. If defendants are wrong about this point of law, however, the Baker estimate will be overstated by $11,278.65.

5

*Del Taco, Inc.*, __ F.3d __, 2006 WL 1148735, at *2 (9th Cir. 2006) (*quoting Martin v. Franklin Capital Corp.*, __ U.S. __, 126 S. Ct. 704, 708 (2005)).

Defendants did present objective evidence in support of their argument, even though the evidence ultimately turned out to be less persuasive than the evidence presented by plaintiff. As stated above, it may turn out later that plaintiff will allege the requisite amount in controversy even though he has not done so at this juncture. Under such circumstances, sanctions are not warranted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. Plaintiff is not entitled to sanctions. The Clerk shall close the file and send it to the Superior Court of California for the County of Alameda.

**IT IS SO ORDERED.**

Dated: June 1, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6